**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LISA J. STEG, | DOCKET NUMBER |
| Appellant, | SF-0752-15-0185-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: March 7, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bobby Devadoss</u>, Esquire, and <u>Stephanie Bernstein</u>, Esquire, Dallas, Texas,
for the appellant.

<u>Susan D. Hooks</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's demotion action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On review, the appellant first contends that the administrative judge incorrectly attributed statements to certain agency witnesses. Petition for Review (PFR) File, Tab 1 at 4-5. She asserts that, contrary to the administrative judge's findings: (1) witness C.T. did not state that she was able to see the appellant's office from her desk; and (2) witness E.N. did not report that the appellant asked her if she had Attention Deficit Hyperactivity Disorder (ADHD). *Id.*; *see* Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 11, 20. The appellant is mistaken on both points. C.T. did state in her July 16, 2013 declaration that her office "was across the hall from [the appellant's] so I was in a position to observe when she arrived and departed for the day." IAF, Tab 17, Subtab 6, ¶ 3.[2] Also, E.N. did report in her July 22, 2015 declaration that the appellant "asked me . . .

---

[2] The appellant appears to dispute that C.T. was able to see her desk, but in the absence of any contradictory evidence, or any indication of bias on C.T's part, we find the administrative judge properly credited C.T.'s statement, made under penalty of perjury, that she was able to visually observe the appellant's comings and goings. *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981).

to my face if I had ADHD," and that the appellant "seemed to think it was humorous." *Id*., Subtab 12, ¶¶ 5-6.[3]

¶3     The appellant next argues that the administrative judge improperly discounted documentary evidence that purportedly accounts for the discrepancy between the work hours she reported on the Performance Labor Accounting System (PLAS), and the entry and exit times evidenced by security card scans (recorded on the Recall Access Log) and coworkers' visual observations. PFR File, Tab 1 at 6-7. She refers specifically to her July 23, 2015 affidavit and October 22, 2014 response to the proposal notice, in which she explained: (1) that her duties regularly required her to "meet with folks and look for employees" outside of the building; and (2) that it is possible to enter the building without a badge scan, that there is no policy requiring employees to use their badges, and that this could be confirmed by "even a cursory review" of the times recorded for other employees on the Recall Access Log and in PLAS. *Id.*; *see* IAF, Tab 19, Tab 4 at 22-23.

¶4     We find that the administrative judge gave due consideration to the appellant's explanations. Concerning the appellant's claim that her duties routinely required her to work outside the building, the administrative judge noted that this claim was uncorroborated by other evidence, and contradicted by the agency's contention that the appellant was not authorized to allocate duty hours to look for employees outside the building. ID at 14-15; *see* IAF, Tab 4 at 16. The administrative judge further noted that it was inherently unlikely that

---

[3] In any event, the specification at issue concerns a separate incident in which the appellant told E.N. that she was a "case of ADHD gone bad." IAF, Tab 4 at 34 (Charge 2, Specification 2.a). E.N. reported that incident in both her May 12, 2015 signed statement (incorrectly labeled as a "declaration") and her July 22, 2015 declaration. IAF, Tab 17, Exhibit 13 at 1 & Subtab 12, ¶ 5. The appellant has not identified any error in the administrative judge's decision to credit E.N.'s version of events. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (explaining that mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board).

the appellant routinely looked for employees outside the building, given that she was responsible for managing an office of professionals.  ID at 14-15.  Under these circumstances, the administrative judge did not err in declining to credit the appellant's claim.  *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 460-61 (1987) (finding that consistency with other evidence and inherent improbability are factors in assessing credibility).  The record also contains no evidence to corroborate the appellant's claim that it was unnecessary to use her badge to enter the building, and in any case, the agency did not rely exclusively on the badge scans recorded on the Recall Access Log, but also provided statements and contemporaneous notes by agency witnesses who observed that the appellant did not appear to be working full hours.  IAF, Tab 17, Subtabs 1, 5-6, Tab 24.  In sum, we discern no error in the administrative judge's finding that the appellant did not work the hours she recorded in PLAS.[4]

¶5    The appellant next argues that the administrative judge should have found, without reopening the record, that the agency violated her due process rights because the deciding official considered ex parte information in making his decision.  PFR File, Tab 1 at 7-9.  An employee's constitutional due process rights may be violated if a deciding official considers new and material information, whether in assessing the charges or deciding on a penalty.  *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011).  In determining whether to find a due process violation occurred, the Board must consider the facts and circumstances of each particular case.  *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999).  Among the factors to be considered are whether:    (1) the additional material merely introduced

---

[4] Nor do we discern any error in the administrative judge's finding that the appellant knowingly supplied wrong information with the intent of defrauding the agency for her own private gain, i.e., to receive pay for hours she did not work.  ID at 16.  We find that, because the agency established the elements of a falsification charge, *see Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶¶ 10-12 (2014), the administrative judge correctly sustained the charge of Falsification of Time Sheets.

"cumulative" information or new information; (2) the employee knew of the error and had a chance to respond to it; and (3) the information was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id*. Ultimately, the inquiry is whether the deciding official's consideration of the additional material was substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property absent an opportunity to respond. *Id*. In determining whether a due process violation occurred, there is no basis for distinguishing between information provided to the deciding official by another source and information personally known by the deciding official. *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶¶ 10-13 (2011).

¶6        In his July 21, 2015 declaration, included in the agency's close of record submission, the deciding official devoted several paragraphs to discussing his experience of the appellant's performance and conduct in her previous position as an Administrative Contracting Officer (ACO). IAF, Tab 17, Subtab 2 at 2-3. In particular, he recalled that after a claims dispute had arisen with a contractor, the appellant had been uncooperative and nonchalant about helping others who were trying to support her actions. *Id*. He explained that he raised the issue because it "colored [his] perception of her professionalism." *Id*. at 3. He also recounted that when the appellant had transferred to the Los Angeles office through a hardship request, two of his subordinate employees informed him that they had "encountered some difficulty with [the appellant's] cooperativeness and experienced some untruthfulness on her part" when she was an ACO. *Id*.

¶7        Although the deciding official did not explicitly refer to the appellant's prior service as an ACO in the decision letter, or otherwise admit to considering it in his decision, the record indicates he did consider the appellant's credibility, trustworthiness, and professionalism in making his decision. For example, in assessing the agency's second charge, he considered the appellant's credibility and trustworthiness in finding that her various explanations were unworthy of

credence. IAF, Tab 4 at 9-10. Additionally, in assessing the *Douglas* penalty factors the deciding official referenced the appellant's professionalism, trust, and integrity. *Id*. at 10-20. Given the evidence that was available before the record was reopened, there was an open question as to whether the deciding official considered the appellant's performance and conduct as an ACO in making his decision.

¶8        By contrast, the proposal notice made no mention of the appellant's prior service as an ACO. IAF, Tab 4 at 32-38. Hence, as the administrative judge stated in his order reopening the record, "[i]t does not appear that the proposal notice put the appellant on notice that the deciding official's assessment of her conduct and performance as an ACO . . . *might* be something he would consider in deciding the proposed demotion *if, indeed, he did*." IAF, Tab 25 at 4 (emphasis added). Under these circumstances, it was appropriate for the administrative judge to reopen the record sua sponte to permit the parties to submit additional evidence and argument on the due process issue. *See Powers v. Department of the Treasury*, 86 M.S.P.R. 256, ¶¶ 8, 10 n.3 (2000) (approving an administrative judge's adjudication of a due process violation sua sponte).

¶9        The appellant suffered no harm as a result of the administrative judge's decision to reopen the record. To the contrary, he provided her an opportunity she would not have otherwise had to meet her burden of proving the affirmative defense by preponderant evidence. *See* 5 C.F.R. § 1201.56(a)(2)(iii). However, we discern no error in the administrative judge's decision to credit the deciding official's supplemental declaration, in which he stated under penalty of perjury that he had mentioned the appellant's conduct and performance as an ACO only as background information, and did not consider it in assessing her credibility as to the charges or in determining an appropriate penalty. IAF, Tab 27; *see Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1354 (Fed. Cir. 2012) ("A deciding official's knowledge of an employee's background only raises due process . . . concerns where that knowledge is a basis for the deciding

official's determinations on either the merits of the underlying charge or the penalty to be imposed.").

¶10    Finally, the appellant argues that the agency committed harmful procedural error, as opposed to a constitutional due process violation, by failing to comply with the requirements of 5 C.F.R. § 752.404(b)(1).  PFR File, Tab 1 at 8-9.  The appellant did not raise this affirmative defense below, and she has not shown that it is based on new and material evidence that was not previously available despite her due diligence.  Accordingly, we give it no further consideration.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is

available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                               William D. Spencer
                               Clerk of the Board

Washington, D.C.